**LAKE REGION COOPERATIVE, Respondent,**

v.

**Conrad JERN, Appellant.**

**No. C6-86-596.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Gary I. Severson, Alexandria, for respondent.

Conrad H. Jern, pro se.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

Respondent Lake Region Cooperative brought a claim in conciliation court of Douglas County against appellant Conrad Jern for the balance due on Jern's account. The charges on the account arose in connection with the purchase of gasoline from Lake Region's automatic dispensing system from April through July of 1984. The court awarded $1,341. to Lake Region. The matter was removed to Douglas County District Court pursuant to appellant's demand. Trial occurred on December 23, 1985.

At trial Lake Region Cooperative was represented by counsel and called Dean Anderson, manager of the Lake Region Cooperative, in support of its case. Conrad Jern appeared *pro se* and was assisted by his daughter Marlys Fadden, who was a layperson as well. They both testified themselves. In addition, Clayton Jern, appellant's son, was also called.

The trial court found that Conrad Jern had entered into a Patron Agreement with Lake Region Cooperative in the spring of 1984 for the purchase of gasoline through the cooperative's Compass automatic dispensing system. Pursuant to this agreement, appellant agreed to be responsible for the payment of all purchases made with any card or cards issued to his account. The trial court also found that from April to July of 1984 purchases were made with cards issued to Conrad Jern's account. The balance due on this account, including finance charges, was $1,365.12. Consequently, the court ordered judgment entered against appellant in that amount. Jern appealed this judgment.

## DECISION

This court may not set aside findings of fact made by the trial court unless those findings are clearly erroneous. Minn.R. Civ.P. 52.01. Due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. *Id.* Pursuant to this standard of review, the trial court did not err in finding appellant liable for the charges to his account with respondent.

There was sufficient evidence to support the trial court's finding that appellant was liable. Initially, the Patron Agreement that appellant admitted to signing itself provides a basis for the trial court's holding. In the document appellant agreed to "be responsible for payment of all purchases made with card or cards issued to patron." Dean Anderson, manager of Lake Region Cooperative, testified that three or four such cards were issued to Conrad Jern. Jern claimed only one card was issued to him and that his son, and not he, had incurred the disputed charges. Regardless, the record establishes that the disputed charges were made through use of a Compass Card issued to Conrad Jern's account. Whether Conrad Jern himself

used a Compass Card to make the purchases or whether Clayton Jern did, the trial court properly found Conrad Jern liable to Lake Region Cooperative for payment through operation of the signed Patron Agreement.

Under the Patron Agreement Conrad Jern had the right to terminate the agreement at any time "by return to Lake Region Cooperative of all cards or keys and payment in full for petroleum purchased." Appellant claims that he withdrew from the agreement in April of 1984 before the disputed charges were made. Yet, Dean Anderson testified that Conrad Jern withdrew from the agreement in July of 1984, subsequent to the disputed purchases. The trial court resolved this conflict of testimony in favor of respondent. Because there was evidence upon which this result could have been based, the testimony of Anderson, the trial court's finding was not clearly erroneous.

Affirmed.